IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MACARTHUR WHEELER,            )
                              )
            Petitioner        )
                              )
    vs.                       )    Civil Action No. 07-616
                              )    Judge Nora Barry Fischer/
HARRY E. WILSON,              )    Magistrate Judge Amy Reynolds Hay
                              )
            Respondent        )

## REPORT AND RECOMMENDATION

### RECOMMENDATION

It is respectfully recommended that the habeas petition filed pursuant to 28 U.S.C. § 2254 be dismissed and that a certificate of appealability be denied.

### REPORT

MacArthur Wheeler ("Petitioner"), currently a state prisoner, has filed this Section 2254 habeas petition, complaining that his state sentence has been miscalculated and his state sentence has not been properly credited with all time he spent in the physical custody of state authorities. The Respondent contends that the time he spent in the physical custody of the state authorities was actually credited against his federal sentence because state law required that he serve he federal sentence before he could commence serving backtime on his state sentence. Because Petitioner has failed to comply with the one year AEDPA statute of limitations, his petition should be dismissed. In the alternative, because he procedurally defaulted his claims by failing to file an appeal to the Commonwealth Court from the Pennsylvania Board of Probation and Parole's ("Board") decision denying his administrative appeal, his petition should be dismissed.

**Relevant Facts and Procedural History**

Petitioner, proceeding *in forma pauperis*, filed the instant habeas petition, Dkt. [5], pursuant to 28 U.S.C. § 2254, seeking to challenge the calculation of his state sentence, claiming that the Board has improperly credited the time, which he has spent incarcerated in State corrections facilities, against his state sentence. The Respondent filed an answer, Dkt. [10], in which he raises the defense of the AEDPA statute of limitations and the defense that Petitioner failed to exhaust his state court remedies. In addition, Respondent asserts that Petitioner's claims are without merit. Petitioner filed what he styled "Petitioner's Answer to Respondent's Claim of Objections to Petitioner's Writ of Habeas Corpus," Dkt. [14], which is essentially a traverse.

**Applicable Legal Principles**

Whereas the doctrine of exhaustion focuses on the question of when a habeas petitioner may bring his petition, i.e., only after state court remedies have been exhausted, the doctrine of procedural default focuses on the question of not when the federal court may consider the petition, but whether the federal court can entertain the federal habeas petition at all. See, e.g., Coleman v. Thompson, 501 U.S. 722 (1991)(if petitioner has procedurally defaulted a claim in state court, then the federal court is barred from considering the claim unless the petitioner shows cause for, and prejudice from the procedural default); Toulson v. Beyer, 987 F.2d 984, 986 n.5 (3d Cir. 1993) (footnote and the accompanying text, indicating that the exhaustion requirement does not foreclose, but only postpones, federal relief; the procedural default doctrine may foreclose federal relief). The doctrine of procedural default essentially provides that if a federal habeas petitioner has either failed to present a federal claim in the state courts or failed to comply with a state procedural rule and such failure to present or to comply would provide a basis for the state courts to decline to address the federal claim on the merits, then such federal claims may not be addressed by the federal habeas court. See, e.g., Wainwright v. Sykes, 433 U.S. 72 (1977) (failure

2

to object at trial constituted waiver of issue under state law and hence, a procedural default under federal habeas law); Francis v. Henderson, 425 U.S. 536 (1976) (failure to comply with state procedure requiring challenges to composition of grand jury be made before trial constituted state waiver and, therefore, also constituted procedural default for purposes of federal habeas); O'Sullivan v. Boerckel, 526 U.S. 838, 848-49 (1999) (failure to raise issue in discretionary appeal to state supreme court constituted a procedural default for habeas purposes).

Procedural default will not be found based upon the failure to comply with the state procedural rule unless the state procedural rule is "adequate" and "independent." Coleman v. Thompson, 501 U.S. at 750. A state rule of procedure is "adequate" if it is firmly established and applied with some consistency. Doctor v. Walters, 96 F.3d 675, 684 (3d Cir. 1996) ("A state rule is adequate only if it is 'consistently and regularly applied.' Johnson v. Mississippi, 486 U.S. 578, 587 (1988); see also Ford v. Georgia, 498 U.S. 411, 423-24 (1991) (state procedural rule must be 'firmly established and regularly followed' to bar federal habeas review)."). A state rule of procedure is "independent" if it does not depend for its resolution on answering any federal constitutional question. Ake v. Oklahoma, 470 U.S. 68, 75 (1985) ("when resolution of the state procedural law question depends on a federal constitutional ruling, the state-law prong of the court's holding is not independent of federal law . . . .").

There are exceptions to the procedural default doctrine. An issue that was not properly raised in the state system and, therefore, procedurally defaulted, may nonetheless be addressed by a federal habeas court if the petitioner shows cause for, and actual prejudice stemming from, the procedural default. Wainwright v. Sykes. In order "[t]o show cause, a petitioner must prove 'that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.' Murray v. Carrier, 477 U.S. 478, 488 (1986)." Sistrunk v. Vaughn, 96 F.3d

3

666, 675 (3d Cir. 1996). In order to show actual prejudice, "the habeas petitioner must prove not merely that the errors . . . created a possibility of prejudice, but that they worked to his actual and substantial disadvantage . . . . This standard essentially requires the petitioner to show he was denied 'fundamental fairness[.]'" Werts v. Vaughn, 228 F.3d 178, 193 (3d Cir. 2000) (citations and some internal quotations omitted). A second exception permits a federal court to address the merits of a procedurally defaulted claim where the petitioner can establish a "miscarriage of justice." In Werts v. Vaughn, the Court explained this exception as follows:

> if the petitioner fails to demonstrate cause and prejudice for the default, the federal habeas court may still review an otherwise procedurally defaulted claim upon a showing that failure to review the federal habeas claim will result in a "miscarriage of justice." Generally, this exception will apply only in extraordinary cases, i.e., "where a constitutional violation has probably resulted in the conviction of one who is actually innocent...." [Murray v. Carrier, 477 U.S. 478] at 496 [(1986)]. Thus, to establish a miscarriage of justice, the petitioner must prove that it is more likely than not that no reasonable juror would have convicted him. Schlup v. Delo, 513 U.S. 298, 326 (1995).

Id.

Even if a respondent in a federal habeas proceeding fails to raise the issue of procedural default, the court may do so sua sponte. Yeatts v. Angelone, 166 F.3d 255, 261-62 (4th Cir. 1999) ("Our conclusion that a federal habeas court possesses the authority, in its discretion, to decide a petitioner's claim on the basis of procedural default despite the failure of the state to properly preserve procedural default as a defense comports with the unanimous decisions of the other courts of appeals that have considered this question. The First, Second, Third, Fifth, Seventh, Ninth, Tenth, and Eleventh Circuits all agree that a federal court, in the exercise of its judicial discretion, may address procedural default despite the failure of the state to preserve or present the issue properly.") (citing cases). Moreover, a federal habeas court may decide that a habeas petitioner has procedurally defaulted a claim even though no state court has previously decided

that the claim was procedurally barred under state law.  See, e.g., Carter v. Vaughn, 62 F.3d 591, 595 (3d Cir. 1995)(requiring the federal district court to determine whether the petitioner's failure to appeal in the state court constituted a waiver under state procedural law that barred state courts from considering the merits and, therefore, constituted a procedural default for habeas purposes even though no state court had made a determination that petitioner's failure to appeal constituted waiver under state law); Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998).

Lastly, if a petitioner has clearly committed a procedural default and has not shown either cause and prejudice or a miscarriage of justice, the proper disposition is to dismiss the habeas petition with prejudice.  See, e.g., Wainwright v. Sykes; Redeagle-Belgarde v. Wood, 199 F.3d 1333 (Table), 1999 WL 985164, at *4 (9th Cir. 1999); McNary v. Farley, 16 F.3d 1225 (Table), 1994 WL 59278, at *3 (7th Cir. 1994) ("Ordinarily, when a district court concludes that a petitioner's claims are barred by the doctrine of procedural default the petition is dismissed with prejudice."); Thompson v. Champion, 996 F.2d 311 (Table), 1993 WL 170924, at *3 (10th Cir. 1993) ("We do not understand why the magistrate judge recommended dismissal without prejudice.  If federal habeas review of Petitioner's claim is barred by his state procedural default, or if Petitioner's claims are without merit, the petition should be dismissed with prejudice.").

**Discussion**

**1. The Petitioner's Sentence Calculation Claim Has Been Procedurally Defaulted**

Petitioner has procedurally defaulted his sentence calculation claim by failing to timely file an appeal to the Commonwealth Court from the Parole Board's order denying his administrative appeal as untimely.  Petitioner raised the issue he raises herein in an administrative appeal to the Board, which the Board denied.  However, Petitioner thereafter failed to appeal from the Board's denial of his administrative appeal to the Commonwealth Court.

5

The Pennsylvania courts have consistently held that failing to file an appeal from the Board's order deciding an administrative appeal constitutes a waiver of any issue that could have been raised. See, e.g., Wright v. Pennsylvania Bd. Of Probation and Parole, 743 A.2d 1004, 1006 (Pa. Cmwlth. 1999)("Because Wright did not file a timely appeal [to the Commonwealth Court] from the [Parole Board's] April 1999 recomputation order, she may not challenge the recomputation in her appeal from the Board's denial of relief as to her re-commitment. Wright's challenges to the credits afforded and the calculation of the new expiration date have been waived"); Woodward v. Pennsylvania Bd. Of Probation and Parole, 582 A.2d 1144 (Pa. Cmwlth. 1990)(holding an issue was waived by a parolee's failure to file an appeal from the Parole Board's order denying relief in the parolee's administrative appeal). Hence, there is no doubt that Petitioner's failure to file an appeal from the Board's order denying his administrative appeal constituted a waiver under state law. See Carter v. Vaughn, 62 F.3d 591, 595 (3d Cir. 1995) (holding that where no state court has determined that the habeas petitioner's failure to appeal a final and appealable order constituted a state waiver, the district court should determine whether there is any doubt that such a failure to appeal constitutes a waiver under state law and if not then should address if the procedural default should be excused due to cause and prejudice or a miscarriage of justice).

Pennsylvania's waiver rule, based upon a failure to timely appeal to the Commonwealth Court, is "independent" in that it requires the resolution of no federal legal question. Pennsylvania's rule of waiver for failing to file an appeal to the Commonwealth Court is also "adequate." Petitioner has not made any showing with respect to the rule's inadequacy, i.e., that the rule is not consistently applied. Indeed, federal courts have implicitly held that this Pennsylvania procedural rule is both independent and adequate. See, e.g., Holmes v.

Diuglielmo, No. 05CV2413, 2005 WL 3150270, at *2 (E.D.Pa. Nov. 22, 2005)("Having failed to challenge the Board's decision by appealing to the Commonwealth Court and the Pennsylvania Supreme Court, Holmes must establish 'cause' for his noncompliance with the state rule and 'actual prejudice' resulting from the alleged constitutional violation."); Riley v. Myers, No. CIV.A. 01-6958, 2002 WL 31845865, at *6 (E.D.Pa. Dec. 18, 2002)(failure to raise issue in an appeal to the Commonwealth Court concerning defect in parole proceedings constituted a procedural default).

Nor does there appear to be any cause and prejudice or a miscarriage of justice were this Court to decline to address Petitioner's claims on the merits.[1]

Having committed a procedural default of the claimed error in the Board's denying his administrative appeal to recompute his sentence so as to accord him credit for the time during which he was physically in the custody of the state authorities, and having failed to show "cause" or a miscarriage of justice, this Court is now barred from considering the claim on the merits. Accordingly, the petition should be dismissed with prejudice.[2]

---

[1] It is not entirely clear how the "miscarriage of justice" exception should apply in the context of one seeking to excuse a procedural default in a parole proceeding, because in a parole proceeding, typically, the claim is not about the validity of the underlying conviction and a consequent claim of actual innocence of the crime but about the validity of the parole board's action. Cf. Sawyer v. Whitley, 505 U.S. 333 (1992)(applying "actual innocence" to claim that federal habeas petitioner was "actually innocent" of the death penalty). See, e.g., Lyons v. Ohio Adult Parole Authority, 142 F.3d 434 (Table), 1998 WL 124039 (6th Cir. 1998) (unpublished) (without analysis, applying miscarriage of justice standard to parole revocation proceedings). Nonetheless, Petitioner has failed to convince the Court that a fundamental miscarriage of justice would occur in this case if the Court did not address his claim on the merits. Petitioner simply has not persuaded the Court that his case is an "extraordinary case[]" within the meaning of Murray in order to justify reaching the merits and overlooking the procedural default.

[2] To the extent that Petitioner is entitled to notice and an opportunity to respond to the procedural default bar, the report and recommendation procedure with its opportunity to file objections provides such notice and opportunity to be heard. See, e.g., Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) ("Here, the Magistrate Judge's Memorandum and Recommendation

## 2. AEDPA's Statute of Limitations Bars this Claim

In the alternative, the present petition is time barred and should be dismissed as such. The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (AEDPA), which amended the standards for obtaining federal habeas relief, was effective April 24, 1996. Because Petitioner's habeas petition was filed after the effective date of AEDPA, AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

Generally, AEDPA requires that prisoners, who are challenging their state sentences, file their federal habeas petition within one year of any of four enumerated events:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Because the Respondent raised the affirmative defense of the statute of limitations, and hence, Petitioner has been put on notice of a statute of limitations issue, it is appropriate to place

---

placed Magouirk on notice that procedural default was a potentially dispositive issue with respect to three of his claims. Magouirk responded to the Magistrate Judge's sua sponte invocation of procedural default within the ten-day time period allowed for filing objections to the report. Thus, Magouirk was afforded both notice and a reasonable opportunity to oppose application of the procedural default doctrine in the district court."); Canady v. Baker, 142 F.3d 432 (Table), 1998 WL 123996, *1 (6th Cir. 1998)(same); United States v. Willis, 273 F.3d 592, 597 n.6 (5th Cir. 2001)("We note here that these two concerns [of notice and an opportunity to be heard] were satisfied due to the fact that the magistrate raised the issue and Willis then had an opportunity to argue against the magistrate's findings to the district court.").

some burden on him to show why the statute of limitations has not run. See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) ("once a petitioner is given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal pursuant to AEDPA's statute of limitations, petitioner has the burden of providing an adequate response"), abrogation on other grounds recognized in, Moreno v. Harrison, 245 Fed.Appx. 606 (9th Cir. 2007); Jackson v. Secretary for Dept. of Corrections, 292 F.3d 1347, 1349 (11th Cir. 2002); Robinson v. Johnson, 313 F.3d 128, 134-35 (3d Cir. 2002) ("The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed.").

AEDPA's statute of limitations applies to prisoners who challenge parole determinations via a section 2254 petition. See Hollawell v. Gillis, 65 Fed.Appx. 809 (3d Cir. 2003); Wade v. Robinson, 327 F.3d 328 (4th Cir. 2003)(applying SOL to parole revocation and counting the time under Section 2244(d)(1)(D) because parole board's order is not a judgment of a state court); Cook v. New York State Division of Parole, 321 F.3d 274 (2d Cir. 2003); Burger v. Scott, 317 F.3d 1133 (10th Cir. 2003); Hunter v. Boone, 13 Fed. Appx. 828 (10th Cir. 2001)(applies to challenge to revocation of petitioner's parole); Brock v. Howes, 96 Fed. Appx. 968 (6th Cir. 2004); Klopp v. Wolfe, 8 Fed.Appx. 444 (6th Cir. 2001)(treats parole revocation as judgment and requires filing of habeas within one year of the parole judgment becoming final); Kimbrell v. Cockwrell, 311 F.3d 361, 364 (5th Cir. 2002)(holding that AEDPA's statute of limitations began to run from the date of the administrative hearing which ordered deprivation of good time credits because it was the factual predicate of his claim).

The one year statute of limitations contained in Section 2244(d) of Title 28 U.S.C. provides that it "shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a state court." As has been observed:

> Federal courts have adopted two different views about the meaning of the phrase "in custody pursuant to the judgment of a State court," neither of which is wholly implausible. The first, and predominant, view is that Congress, in adopting this formula, was concerned primarily with the source of the prisoner's custody, rather than with the target of the prisoner's complaint. What matters, on this view, is whether the prisoner's "custody" is attributable, at least in part, to "a judgment of a State court. . . ."
> The alternative view is that, despite the formula's obvious focus on the source of custody, Congress really was concerned with the target of the prisoner's complaint, rather than with the source of his custody. What matters, on this view, is whether the prisoner is challenging "the judgment of a State court."

Eric Johnson, <u>An Analysis of the Antiterrorism and Effective Death Penalty Act in Relation to State Administrative Orders: The State Court Judgement as the Genesis of Custody</u>, 20 New. Eng. J. On Crim. & Civ. Confinement 153, 162-63 (Summer 2003). As noted in the article, the majority of courts hold that a habeas petitioner, who challenges a parole determination or other state administrative order, affecting his custody pursuant to a state court judgment, is subject to the AEDPA statute of limitations. See, e.g., <u>Hollawell v. Gillis</u>; <u>Wade v. Robinson</u>; <u>Cook v. New York State Division of Parole</u>; <u>Burger v. Scott</u>; <u>Hunter v. Boone</u>; <u>Brock v. Howes</u>; <u>Klopp v. Wolfe</u>; <u>Kimbrell v. Cockwrell</u>. But see <u>Cox v. McBride</u>, 279 F.3d 492, 493 (7th Cir. 2002) (holding that prisoner's habeas petition, challenging prison disciplinary board's revocation of good time credits, was not subject to Section 2244(d) statute of limitations because "the custody he [i.e., the prisoner] is challenging . . . is the additional two years of prison that he must serve as the result of the 'judgment' not of a state court but of the prison disciplinary board" and therefore Section 2244(d) does not apply because it applies only to prisoners challenging custody pursuant to a judgment of a state **court**).

Although the Court of Appeals for the Third Circuit has not, in a published opinion, specifically ruled on this precise issue of the applicability of AEDPA's statute of limitations to Section 2254 petitions challenging not the conviction but a decision of the Parole Board, the Court's decision in Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001) provides persuasive evidence that it would join the majority of other Circuits to hold that AEDPA's statute of limitations is applicable. See also McAleese v. Brennan, 483 F.3d 206, 213 n. 9 (3d Cir. 2007)(assuming the applicability of AEDPA's statute of limitations to a parole board decision and measuring the running of the SOL from the date of the parole denial under 28 U.S.C. § 2244(d)(1)(D), finding that the date of parole being denied was the date of the factual predicate and noting that "According to the majority of the courts of appeals, so long as the petitioner is in custody pursuant to a state-court judgment, all challenges to subsequent administrative decisions relating to his custody must comply with the limitations period under section 2244. This conclusion seems reasonable. . . .").

In the Coady case, the petitioner filed a petition ostensibly pursuant to Section 2241 to challenge the denial of his parole based on the 1996 amendment to the parole statute. The Court reasoned that although Petitioner might be able to proceed via both Section 2241 and Section 2254, he could only proceed by Section 2254. In doing so, the Court focused on the language of Section 2254 which provides that courts may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States" and found that the petitioner was subject to Section 2254 by its plain language, notwithstanding that the petitioner was challenging not the state court judgment but the parole board's order. Hence, Coady stands for the proposition that "Congress was concerned primarily with the source of the

prisoner's custody, rather than with the target of the prisoner's complaint" when it analyzed the "state court judgment" language. Eric Johnson, An Analysis of the Antiterrorism and Effective Death Penalty Act in Relation to State Administrative Orders: The State Court Judgement as the Genesis of Custody, 20 New. Eng. J. On Crim. & Civ. Confinement at 162. Thus, Coady implicitly rejected the reasoning of the Seventh Circuit in Cox, wherein the Seventh Circuit held that because the petitioner therein was challenging a prison disciplinary board's order and not the judgment of a state court, AEDPA's statute of limitations did not apply. To the contrary, the Coady Court clearly held that even though the petitioner was challenging a parole board's order, nevertheless, his was an "application for writ of habeas corpus by a person in custody pursuant to the judgment of a state court" and therefore, subject to Section 2254. While it is true that the Coady court was construing the language of Section 2254(a) whereas Section 2244(d) is at issue herein, the wording in the two sections is nearly identical[3] and, therefore, imports the same meaning. See Commissioner of Internal Revenue v. Lundy, 516 U.S. 235, 250 (1996) (referring to the "normal rule of statutory construction that identical words used in different parts of the same act are intended to have the same meaning."). Therefore, pursuant to the reasoning of Coady, even though Petitioner herein is not challenging the judgement of a State court but the administrative orders of the Board, he is also subject to the restrictions of Section 2244, the statute of limitations, which like Section 2254, applies to "an application for a writ of habeas corpus by a

---

[3] Compare 28 U.S.C. § 2254(a) which provides that "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain **an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court** only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States" with 28 U.S.C. 2244(d)(1) which provides that "A 1-year period of limitation shall apply to **an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court**. . . ." (emphases added in both quotes).

person in custody pursuant to the judgment of a State court."[4]  See, e.g., Cook v. New York State Division of Parole, 321 F.3d 274, 280 (2d Cir. 2003)("The section 2244 time limitation and section 2254 both apply, in identical terms, to 'an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.' 28 U.S.C. § 2244(d)(1); 28 U.S.C. § 2254(a). It follows that both apply to Cook's section 2254 application.").

Having determined that the AEDPA statute of limitations applies, we turn to the question of was it violated herein.  Although there is some debate as to whether Section 2244(d)(1)(A) or (D)[5] applies so as to start the running of the statute of limitations, the Court need not resolve this question because for present purposes, the Court will assume the interpretation most favorable for Petitioner, i.e., that subsection (A) applies.  But cf. McAleese v. Brennan, 483 F.3d 206 (measuring the running of the SOL from the date of the parole denial under 28 U.S.C. § 2244(d)(1)(D), finding that the date of parole being denied was the date of the factual predicate but in McAleese, the parties did not appear to argue for the application of 2244(d)(1)(A)).  This means that Petitioner would have had an additional thirty days[6] in which AEDPA's statute of

---

[4] Based on the reasoning of the Court in Coady, this Court finds the reasoning of the Seventh Circuit in Cox v. McBride, 279 F.3d 492 (7th Cir. 2002) unpersuasive.  The Seventh Circuit held that a prison disciplinary board is not a "court" and therefore the Board's order requiring the petitioner to serve an additional two years by the loss of good time credits was not subject to AEDPA's Section 2244 statute of limitations.

[5] Compare  Hollawell v. Gillis, 65 Fed.Appx. 809 (3d Cir. 2003)(applying § 2244(d)(1)(A)) and Klopp v. Wolfe, 8 Fed.Appx. 444 (6th Cir. 2001)(same) with Wade v. Robinson, 327 F.3d 328 (4th Cir. 2003)(applying Section 2244(d)(1)(D) because parole board's order is not a judgment of a state court) and Kimbrell v. Cockwrell, 311 F.3d 361, 364 (5th Cir. 2002)(holding that AEDPA's statute of limitations began to run from the date of the administrative hearing which ordered deprivation of good time credits because the order was the factual predicate of his claim).

[6] Smith v. Pennsylvania Bd. of Probation and Parole, 683 A.2d 278, 279  (Pa.  1996) (speaking in terms of 30 day appeal period from Board's decision to Commonwealth Court).

limitations did not run, i.e., 30 days after the Board mailed its decision before the order of the Board became "final" within the meaning of Section 2244(d)(1)(A), i.e., 30 days after April 5, 2005 which is May 5, 2005. See, e.g., Hollawell v. Gillis, 65 Fed.Appx. 812-13 (applying 28 U.S.C. § 2244(d)(1)(A) to a habeas petition that challenged a parole board order which was affirmed on appeal by the state courts); Barnhart v. Kyler, 318 F.Supp.2d 250, 262 (M.D. Pa. 2004)("The Board denied Barnhart's application for parole on April 24, 2002, triggering commencement of the one-year limitations period for filing a federal habeas petition."). Therefore, as of May 5, 2005, AEDPA's statute of limitations began to run, and ended on May 5, 2006. Petitioner did not file any further petitions in the state courts and indeed did not execute this present habeas petition, seeking to challenge the Board's 2005 action in denying his administrative appeal and revoking his parole and recommitting him to serve 36 months of backtime and recalculating his new maximum release date to be October 24, 2010, until May 2, 2007, nearly two years after the Board's actions. Hence, Petitioner's deemed filing of the habeas petition on May 2, 2007, the date on which he executed the petition, was far outside of the one year statute of limitations that ended on May 5, 2006.

Petitioner has pointed to nothing in the record[7] to warrant either statutory or equitable tolling of AEDPA's statute of limitations.[8] Accordingly, his petition is untimely filed and should be dismissed on the ground of untimeliness.

**Certificate of Appealability**

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order "in a habeas proceeding in which the detention arises out of process issued by a State court" unless a certificate of appealability ("COA") has been issued. Because the petition complains of his state conviction and the resulting sentence, the District Court's final order disposing of this petition will constitute a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" within the meaning of 28 U.S.C. 2253(c)(1)(A). Accordingly the COA requirement applies.

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a

---

[7] See, e.g., Polk v. Cain, No. Civ. A. 00-3026, 2001 WL 736755, *9 (E.D. La. June 23, 2001)("A person seeking the tolling of the statute of limitations period has the burden of showing circumstances exist that justify tolling."); Balagula v. United States, 73 F.Supp.2d 287, 291 (E.D.N.Y. 1999)("The burden lays with the petitioner to establish the entitlement to equitable tolling."); Turner v. Singletary, 46 F.Supp.2d 1238, 1243 (N.D. Fla. 1999)("The burden is upon the petitioner to show that equitable tolling is warranted.").

[8] The sole argument Petitioner raises in relation to the statute of limitations issue is that "an illegal sentence can never be waived nor is there any State nor Federal statue [sic] of limitations in regards to such." Dkt. [14] at 2, ¶ 2. Petitioner is simply mistaken as there most emphatically **is** a statute of limitations in regards to **all** claims raised in habeas petitions such as the one Petitioner has filed.

constitutional right. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000). In Slack v. McDaniel, the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. at 484. Hence, the analysis as to whether a certificate of appealability should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Walker v. Government of the Virgin Islands, 230 F.3d at 90. The test is conjunctive and both prongs must be met. See id. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether dismissal of the petition based upon Petitioner's procedural default of his claim and/or based upon its untimeliness was correct. Accordingly, a certificate of appealability should be denied. Because of this conclusion, the Court does not need to reach the other prong of the Slack v. McDaniel test, i.e., whether Petitioner has made a substantial showing of a denial of a constitutional right, although, in light of the sentence calculations, it appears that he has not done so.

CONCLUSION

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections by July 17, 2008 and responses are due seven (7) days thereafter in accordance with the schedule established in the docket entry

reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute waiver of any appellate rights.

Respectfully submitted,

/s/ *Amy Reynolds Hay*
United States Magistrate Judge

Dated: 30 June, 2008

cc: The Honorable Nora Barry Fischer
United States District Judge

MacArthur Wheeler
C/O Renewal Resident Mail
P.O. Box 23475
Pittsburgh, PA 15222

Tracey A. Wilson, Deputy Attorney General
by Notice of Electronic Filing